IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SOTTILARE, | ) | |
| | ) | |
| Movant, | ) | Civil No. 12-01033-CV-W-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOVANT'S § 2255 MOTION**

Pending before the Court are Movant Michael Sottilare's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) and *pro se* Motion for Removal of False Information (Doc. 13). The Court has carefully reviewed these motions[1] and the Government's responses, and for the reasons discussed below, these motions are DENIED.

**Background**

On July 14, 2010, Michael Sottilare pled guilty pursuant to a written plea agreement to Count Five of an eight-count indictment charging him with receipt of child pornography. Up to and through the plea process, he was represented by assistant federal public defender Bob Kuchar. In accepting the plea agreement, Sottilare waived his right to appeal a finding of guilt or to appeal his sentence, including on grounds of a misapplication of the Sentencing Guidelines or the imposition of an unreasonable sentence. Plea Agrmt. 13, ¶¶ 15a, b.

The plea agreement also contained stipulations regarding the applicability of some, but not all, of potential sentencing enhancements. Sottilare reserved the right to challenge a five-point Guideline enhancement, pursuant to U.S.S.G. § 2G2.2(b)(3)(B) for "distribution for the

---

[1] In ruling on the pending motion, the Court has also considered Docs. 2. 4, 9, 12, and 14. The Court notes that in addition to the arguments discussed below, it has fully considered all assertions set forth by the Movant and finds them each without merit.

receipt of a thing of value" and the four-point enhancement, pursuant to U.S.S.G. § 2G2.2(b)(4) for "viewing images that contain sadistic or violent sexual abuse of children." Plea Agrmt. 10, ¶ 10f. Sottilare agreed that his computer contained 600 or more images of child sexual abuse and depicted minors under the age of twelve. Plea Agrmt. 9, ¶¶ 10c, d.

During his change of plea hearing on July 14, 2010, Sottilare informed the Court that he understood the language of the plea agreement and had reviewed it prior to coming to court. Plea Tr. 14, 18. He also acknowledged that it was his decision alone to plead guilty. He further confirmed that he understood the statutory range of punishment, including the minimum supervised release term of five years. Plea Tr. 15. Sottilare also noted that he understood that the Court could sentence him above or below the Guidelines as long as it stayed within the statutory range.

The Court also questioned Sottilare about his representation, and he testified that he was "very" satisfied with the representation provided by Mr. Kuchar's defense and had no complaints about anything counsel did or did not do. Plea. Tr. 12. Sottilare said that "for the most part" defense counsel spent sufficient time with him discussing the case, his options, his plea, and his defenses. Plea Tr. 12. Sottilare denied that there was anything else defense counsel would need to do to help him with his case. Plea Tr. 12.

Prior to sentencing, Sottilare requested and was granted appointment of new counsel, Mr. F.A. White, Jr. Mr. White filed a nineteen page sentencing memorandum prior to sentencing in which he challenged the reasonableness of the child pornography guidelines and argued for a downward departure, ultimately requesting the statutory minimum sentence of sixty months.

On July 27, 2011, the Court overruled Sottilare's objections to the five-point enhancement for "distribution for the receipt of a thing of value" and his objection to the four-

point enhancement for sadistic/violent material and sentenced him to the low end of the calculated Guidelines range for 210 months.

Sottilare now brings this timely § 2255 motion alleging imposition of an illegal sentence, ineffective assistance of counsel, and prosecutorial misconduct. He also challenges is guilty plea and requests that the Court recuse itself due to bias.

**Standard**

**I.     Section 2255**

Title 28, section 2255 allows a district court to "vacate, set aside or correct [a] sentence" which "the court was without jurisdiction to impose . . . or . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Movants are entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.* at 2255(b).

**II.    Issues Not Cognizable under § 2255**

"A motion under § 2255 is not a substitute for a direct appeal, and is not the proper way to complain about simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). Moreover, where a movant does not bring a claim on direct appeal, he is barred from raising the claim in a § 2255 proceeding unless he can establish cause for the procedural default and actual prejudice or that he is actually innocent. *United States v. Bousley,* 523 U.S. 614, 622 (1998).

**III.   Ineffective Assistance of Counsel**

The Sixth Amendment right to counsel entitles a criminal defendant to effective assistance of counsel. In *Strickland v. Washington,* the Supreme Court laid out a two-part test for deciding a claim of ineffective assistance of counsel. 466 U.S. 668 (1984). In order to

3

succeed on a claim of ineffective assistance of counsel, a prisoner must first show that "counsel's performance was deficient . . . [meaning] that counsel made errors so serious the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense . . . [meaning] that counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." *Id.* at 687. The court need not decide whether counsel's performance was inadequate if it finds that the petitioner was not prejudiced by any claimed deficient performance. *Id.* at 697.

To satisfy the first prong, a movant must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances." *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996). In deciding whether a counsel's performance was ineffective, a court must consider the totality of circumstances surrounding the counsel's representation. *Strickland*, 466 U.S. at 690. A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010), quoting *Strickland*, 466 U.S. at 689.

To satisfy the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Because the alleged deficient performance involves a plea process, Smith must prove that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This prejudice inquiry also often involves the court assessing whether correcting the error would have resulted in a different outcome at a subsequent trial. *Hill*, 474 U.S. at 59-60.

4

**Discussion**

I.   **Illegal Sentence**

In his first claim, Sottilare alleges that his 210-month imprisonment and ten year period of supervised release is illegal because the combined terms of his incarceration and supervised release exceed the twenty year statutory maximum for his offense conviction. Sottilare also argues that the Court did not adequately explain why it would not consider diminished capacity as a downward variance as he was led to believe by his counsel.

This claim is without merit. Sottilare was advised of the statutory limits in his indictment, his plea agreement, and his plea colloquy, and the Court imposed a sentence within these limits. Moreover, in rendering its sentence, the Court noted that it closely reviewed the sentencing memorandum which included an argument for mitigation because of mental health issues. Sottilare's attorney also argued for such mitigation at sentencing, and the Court noted that it considered mental health issues in imposing its sentence. Sent. Tr. 23.

II.  **Ineffective Assistance of Counsel**

Sottilare makes a number of arguments concerning ineffective assistance of counsel. First, Sottilare alleges a conflict of interest with sentencing counsel, Mr. White, because Mr. White was good friends with the Assistant United States Attorney's husband for over thirty years. Sottilare cites a district court case, *Derrington v. United States*, 681 A.2d 1125,[2] 1133 (D.C. 1996) from the District of Columbia that holds that a defendant can prevail on appeal if he can demonstrate an actual conflict of interest with his attorney and show that this conflict adversely affected the adequacy of his attorney's representation. First, the Court notes that it is not bound by this decision. Even if it were bound by this decision, there is no merit to Sottilare's

---

[2] The Court notes that Sottilare cited to *Derrington v. United States*, 687 A.2d 1125, 1113 (D.C. 1996). However, the Court believes the correct citation to be *Derrington v. United States*, 681 A.2d 1125, 1113 (D.C. 1996).

5

argument because he cannot demonstrate an actual conflict of interest simply because his attorney was a friend of the prosecutor's husband. Moreover, Sottilare has presented no evidence that this friendship rendered Mr. White's representation inadequate.

Sottilare also argues that Mr. White failed to correct mistaken dates in his PSR and failed to recommend that he receive a downward departure. However, Sottilare fails to demonstrate what incorrect dates Mr. White should have requested the Court change. He also fails to indicate how correcting those dates would have affected his sentence. Furthermore, defense counsel requested a downward departure in his sentencing memorandum to the Court, Sent. Mem. at 14, and argued the inappropriateness of the sentencing guidelines orally at sentencing.

Sottilare next advances a number of arguments about threats allegedly made to him by his first public defender, Mr. Kuchar. However, as noted above, Sottilare indicated multiple times under oath and in writing that he was satisfied with his attorney's representation, that he entered his plea knowingly and voluntarily, and that no one had made any promises or threats against him to enter the plea. Sottilare now presents no credible evidence to the contrary.

Finally, Sottilare argues that defense counsel's absence at his presentence investigation interview was prejudicial error. However, the record shows that Mr. White had notice of the interview and found it unnecessary to attend, and Sottilare has failed to show how he was prejudiced by this decision. Counsel filed a sentencing memorandum in which he objected to relevant portions of the PSR. Moreover, despite the PSR's recommended sentence, counsel argued for a downward departure.

Accordingly, the Court finds these arguments without merit. There is no evidence that Sottilare's counsel was deficient or that counsel's performance caused Sottilare prejudicial error.

### III. Prosecutorial Misconduct

The basis for Sottilare's claim of prosecutorial misconduct seems to be based on a mistake in the plea agreement which advised him that if he violated a condition of his supervised release, the Court could impose an additional term of imprisonment of up to three years. Plea Agrmt. 5, ¶ 6d. While, Sottilare correctly identified this mistake—the revocation term should be up to two years, pursuant to § 3583(e)(3)— this error is in Sottilare's favor. If Sottilare violates his supervised release, he cannot be sentenced to as many years as the plea agreement states. Having pled guilty anticipating a higher potential sentence, he cannot now say that he was prejudiced by this error or that he would have not pled guilty had he believed this term to be shorter.

Moreover, this argument does not show prosecutorial misconduct. To prove prosecutorial misconduct in a § 2255 motion, Sottilare must demonstrate a constitutional violation or miscarriage of justice arising from the misconduct. 28 U.S.C. § 2255(a); *see also Sun Bear v. United States*, 644 F.3d 700, 709 (8th Cir. 2011). Sottilare has not demonstrated that the above mistake was intentional on the part of the prosecutor, nor has he demonstrated how he was prejudiced by it. Accordingly, the Court does not find this was a constitutional violation or a miscarriage of justice.

### IV. Guilty Plea

Sottilare also challenges his guilty plea, arguing that the Court failed to advise him in the colloquy that he could not withdraw his plea if the Court did not follow sentencing requests of counsel, in violation of Rule 11(c)(3)(B). In support of this contention, he attaches the case of *United States v. Dominguez Benitez*, 542 U.S. 74 (2004).

7

As a preliminary matter, the Court notes that this claim is not cognizable under § 2255 because it was waived in Sottilare's voluntary and intelligent guilty plea. Moreover, under *Dominguez Benitez*, a defendant who seeks reversal of his conviction after a guilty plea on the ground that the district court committed plain error under Rule 11 must show a reasonable probability that, but for this error, he would not have entered the guilty plea. *Benitez*, 542 U.S. at 83. Here, Sottilare has made no such allegation or showing, and the record proves otherwise. Sottilare was advised of this restriction in the written plea agreement and he acknowledged at his change of plea hearing that he had read and fully understood the plea agreement.

## V. Court Bias

Finally, the Court rejects Sottilare's various arguments that the Court should recuse itself from consideration of this motion because it has "sided with the government on every issue," has ignored the fact that it imposed an illegal sentence, and is obviously biased in favor of the government. Doc. 5. "Judicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The limited exception is where the circumstances demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Here, nothing in the record demonstrates the Court has any "deep-seated favoritism." Accordingly, this allegation is without merit.

## VI. Evidentiary Hearing

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting

*Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) ("A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (internal quotation marks omitted)). Because here, Sottilare's allegations are purely legal in nature, rather than fact-based, and can be resolved solely on the basis of the record, he is not entitled to an evidentiary hearing on this motion.

## VII.     Certificate of Appealability

Sollitare can appeal this Court's decision to the Eighth Circuit Court of Appeals only if this Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). Because Sollitare cannot make a substantial showing of a denial of a constitutional right or raise a debatable issue among reasonable jurists, this Court also declines to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Conclusion

Sollitare's claims that he was given ineffective assistance of counsel are without merit. Accordingly, Movant's motions are DENIED. A hearing is not warranted because the record conclusively shows that Movant is not entitled to any relief, and a certificate of appealability shall not issue.

**IT IS SO ORDERED.**

Dated: January 4, 2013                                    /s/ Greg Kays
                                                                       GREG KAYS
                                                                       UNITED STATES DISTRICT JUDGE